IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FREDDY L. FLONNORY, | § | |
| | § | |
| Defendant Below, | § | No. 350, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 9707012190 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 17, 2015
Decided: July 21, 2015

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

# **O R D E R**

This 21st day of July 2015, it appears to the Court that:

(1) On July 7, 2015, the Court received the appellant's notice of appeal from a Superior Court order, dated June 4, 2015 and docketed on June 5, 2015, denying his third motion for postconviction relief. Under Supreme Court Rule 6(a)(iii), a timely notice of appeal should have been filed on or before July 6, 2015.

(2) The Senior Court Clerk issued a Supreme Court Rule 29(b) notice directing the appellant to show cause why the appeal should not be dismissed as untimely filed. In his response to the notice to show cause, the

appellant contends that he was not aware the appeal deadline was July 4, 2015 because his postconviction counsel (who was permitted to withdraw in the Superior Court proceedings) incorrectly informed him that the appeal deadline was July 6, 2015, he could not mail the notice of appeal until he received copies from the law library on June 29, 2015, and he only missed the appeal deadline his counsel identified by one day due to the Fourth of July holiday.

(3) In Delaware, the thirty day appeal period is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period.[2] Delaware has not adopted a "prison mailbox rule" that allows tolling of the appeal period for prisoners.[3] The appellant's counsel correctly informed the appellant that the appeal deadline was July 6, 2015. Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[4]

(4) There is nothing in the record suggesting that the appellant's failure to file a timely notice of appeal is attributable to court personnel. Accordingly, this case does not fall within the exception to the general rule

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] *Smith v. State*, 47 A.3d 481, 483 (Del. 2012).

[3] *Id.* at 486-87; *Carr*, 554 A.2d at 779-80.
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

2

that mandates the timely filing of a notice of appeal. Thus, the Court concludes that this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice